1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

ROY L. NELSON,

11                          Plaintiff,

12           v.

13   JO ANNE B. BARNHART, Commissioner of
     Social Security Administration,

14

15                          Defendant.

16

CASE NO.    **C06-5491RBL**

REPORT AND
RECOMMENDATION

Noted for March 16, 2007

17          This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

18   636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W.

19   v. Weber, 423 U.S. 261 (1976).  This matter has been briefed, and after reviewing the record, the

20   undersigned recommends that the Court affirm the administration's final decision.

21                                   INTRODUCTION

22          Plaintiff, Roy L. Nelson, was born in 1969, he dropped out of High School after completing he 10th

23   grade.  From July 1992 through November 2000, Plaintiff worked several different jobs, the longest period

24   of employment lasting only six months (Tr. 81).

25          Plaintiff filed an application for Social Security Supplemental Income Benefits on July 19, 2003,

26   alleging he has been unable to work since November 15, 2000, due to back pain (Tr. 80).  Plaintiff states

27   his back pain began following an automobile accident in 1987 (Tr. 80).

28          The Administration denied Plaintiff's application after initial review, and the matter was eventually

1    assigned to an Administrative Law Judge ("ALJ"), who held a hearing October 17, 2005 (Tr. 210-231).

2    After hearing testimony from Plaintiff and a vocational expert and considering the record, the ALJ denied

3    Plaintiff's application for benefits (Tr. 21-29).  Plaintiff timely filed a request for Review of Hearing

4    Decision/Order with the Social Security Appeals Council, but the Appeals Council also ruled against the

5    Plaintiff.  Therefore, the ALJ's decision became the final administrative decision.

6         The ALJ applied the five-step sequential evaluation process for determining whether a

7    claimant is disabled. *See* 20 C.F.R. § 416.920.  At step-one, the ALJ found that Plaintiff had not engaged

8    in substantial gainful activity (Tr. 28).  At step-two, the ALJ found that Plaintiff established the following

9    severe impairments: degenerative disc disease of the lumbar spine, high blood pressure, and obesity (Tr.

10   28).  At step three, the ALJ found that Plaintiff's impairments, alone or in combination, did not satisfy the

11   requirements of a listed impairment (Tr. 28).  The ALJ further determined that Plaintiff retained the

12   residual functional capacity (RFC) for light work or work that requires lifting and/or carrying 20 pounds on

13   occasion and 10 pounds frequently; he could stand, sit, and/or walk for six hours in an eight-hour work day

14   with occasional kneeling, crouching, crawling and climbing ladders, ropes and scaffolds; and he should

15   avoid concentrated exposure to vibration and hazards such as machinery or heights (Tr. 28).  At step four,

16   the ALJ found that Plaintiff had no past relevant work (Tr. 28).  At step five, relying upon vocational

17   expert testimony, the ALJ concluded Mr. Nelson was capable or performing work as a cleaner,

18   photocopying machine operator, or a clerical routine clerk (Tr. 29).

19        Plaintiff filed his Complaint with the Court challenging the denial of his applications for benefits on

20   August 28, 2006.  Specifically, plaintiff contends: (1) the ALJ improperly weighed the opinion evidence

21   provided by treating physicians; (2) the ALJ failed to properly assess Plaintiff's testimony regarding his

22   symptoms and limitations; (3) the ALJ failed to fully and fairly develop the record to determine whether

23   Plaintiff has any non-exertional (mental) limitations; (4) the ALJ improperly determined Plaintiff's residual

24   functional capacity; (5) the Commissioner failed to meet the burden of showing Plaintiff can perform any

25   work in the national economy; and (6) this matter should be remanded for an award of benefits.  Defendant

26   counter-argues that the ALJ applied the proper legal standards and that the administrative findings and

27   conclusions are properly supported by substantial evidence.

28                              DISCUSSION

1        This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper

2   legal standard and there is substantial evidence in the record as a whole to support the decision. <u>Hoffman</u>

3   <u>v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a

4   reasonable mind might accept as adequate to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389,

5   401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a

6   preponderance. <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); <u>Carr v. Sullivan</u>, 772

7   F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the

8   Court must uphold the Secretary's decision. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984).

9   *A. THE ALJ PROPERLY ASSESSED THE MEDICAL OPINIONS*

10        The ALJ is entitled to resolve conflicts in the medical evidence. <u>Sprague v. Bowen</u>, 812 F.2d 1226,

11   1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical

12   experts. <u>Walden v. Schweiker</u>, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is

13   contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific

14   and legitimate reasons" supported by substantial evidence in the record for doing so. <u>Murray v. Heckler</u>,

15   722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute

16   substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating

17   physician." <u>Lester v. Chater</u>, 81 F.3d 821, 831 (9th Cir. 1996). In <u>Magallanes v. Bowen</u>, 881 F.2d 747,

18   751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion

19   because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied

20   on laboratory test results, contrary reports from examining physicians and on testimony from the claimant

21   that conflicted with the treating physician's opinion.

22        Here, plaintiff contends the ALJ improperly evaluated the opinion of Dr. Afaq, Dr. Carpenter, Dr.

23   Son, and Ms. Seigel (an ARNP). Plaintiff lists approximately thirteen instances in which the ALJ failed to

24   mention or discuss certain statements or treatment notes from these medical providers. After reviewing the

25   medical records and the ALJ's opinion, the undersigned is not persuaded by Plaintiff's arguments. The

26   ALJ analysis of the medical record is appropriately supported by substantial evidence in the record.

27        In his written decision, the ALJ summarized the medical evidence on record. He specifically

28   discussed the records from Dr. Afaq, Dr. Carpenter, Ms. Siegel, and Dr. Son (Tr. 23-25). The ALJ

1    concluded:

2          After review of all the evidence, I have concluded that the claimant's impairments, both
            singly and in combination, do not meet or equal the criteria of any of the listed impairments
3          described in the regulations (20 CFR, Part 404, Subpart P, Appendix 1).  A review of the
            relevant Listings 1.00 (musculoskeletal system) and Listings 9.00 (endocrine system) fails to
4          reveal signs and findings that are required to meet any of the listings.  In reaching this
            conclusion, consideration was given to the opinion of the Disability Determination Services
5          (DDS) medical consultants who evaluated the issue at the initial and reconsideration levels
            of administrative review process and reached the same conclusion (20 CFR 404.1527(f),
6          416.927(f) and Social Security Ruling 96-6p).  No treating or examining physician has
            mentioned findings equivalent in severity to the criteria of any listed impairment.

7    Tr. 25.

8          Plaintiff argues the ALJ in this case violated the 7th and 2nd  Circuit's ruling that states an ALJ

9    cannot pick and choose among the evidence, relying only on the evidence that supports the ultimate

10   conclusion, *citing* Sitzer v. Heckler, 742 f.2d 382, 385 (7th Cir. 1984) and Fiorello v. Heckler, 725 F.2d

11   174, 175 (2nd Cir. 1983).  The undersigned is unaware of any case in which the 9th Circuit has followed or

12   adopted this "pick and choose" rule or argument.  In contrast, the 9th Circuit has rejected the argument

13   when made, opting to allow the ALJ to discredit specific portions or parts of a medical opinion that are not

14   properly supported.  For example, in Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989)(the Court explained

15   the ALJ was permitted to reject opinions and notes of a treating physician's which were based on a

16   claimant's discredited subjective complaints).   In sum, the court must review the ALJ's decision with the

17   understanding that ALJ must give "specific and legitimate reasons that are supported by substantial

18   evidence in the record." to discredit any treating physician's opinion,  Lester v. Chater, 81 F.3d 821,

19   830-31 (9 Cir.1996), but the ALJ is responsible for resolving ambiguities in the medical evidence.  Allen v.

20   Heckler, 749 F.2d 577, 579 (9th Cir.1984).

21         The ALJ's decision in this case indicates he carefully considered the opinions of Plaintiff's  medical

22   providers.  The court must recognized that the ALJ has an advantage of looking at the medical records

23   from a longitudinal standpoint, as well as, in light of the allegations of a claimant (Plaintiff's credibility is

24   discussed below).  Here, the ALJ discredited Plaintiff's allegations of total disability and concluded Plaintiff

25   retained the ability to perform certain types of light work (Tr. 26).  The ALJ explained:

26         The State Agency's medical consultants fairly and accurately assessed the claimant's
            physical residual functional capacity.  Their opinions can be found at exhibit 6F.  As there is
27         no contradictory medical source opinion, I will adopt their contacts (Social Security Ruling
            96-6p).  Accordingly, I find the claimant has the residual functional capacity to perform
28         light work or work that requires lifting and/or carrying 20 pounds occasionally and 10

REPORT AND RECOMMENDATION
Page - 4

pounds frequently; standing and/or walking for six hours in an 8-hour workday and sitting for six hours in an 8-hour workday with occasionally kneeling, crouching, crawling and climbing ladders, ropes and scaffolds.  Additionally, the claimant should avoid concentrated exposure to vibration and hazards such as machinery or heights.

This [conclusion] is also supported by the treating orthopedist, Dr. Carpenter, who also believes that the claimant can perform light duty work (Exhibit 9F/8 dated October 6, 2004). Considerable weight is given to the treating source opinion as his opinion is well supported and is not inconsistent with the other substantial evidence in the case record. With regard to the additional medial evidence I note the records were dated in August 2005 and September 2005.  Upon review there is no evidence that the exacerbation has continued in nature.  Thus, I still adopt the treating source, Dr. Carpenter's opinion.

Tr. 26.

Significantly, a review of Dr. Carpenter's records supports the ALJ's decision.

Plaintiff argues Dr. Carpenter's opinion was not fully or fairly assessed by the ALJ.  Dr.

Carpenter opined the following on October 6, 2004:

The patient comes in for follow-up for his lumbar spine.  He still has some left S1 numbness although the numbness in his legs is getting better when he is up and around and moving and sitting during the day.  He still has some numbness in his legs when he lies down.

On physical exam his gait is normal.  Hips and shoulders are level to the floor.

MRI done on 9/24/04 is reviewed.  This shows a disc protrusion left central at L5, S1.  It is definitely quite a bit smaller than the previous MRI from 2/12/04.  **The extruded piece has completely gone away.**  There is just protrusion now and it is definitely smaller than it was before.

The patient is healing his disc herniation.  I would recommend regular exercise program and **it is okay to go back to light or sedentary work right away.  In the future he may** be able to get back to even heavy labor but that will depend on his reconditioning program.

Tr. 169 (emphasis added).

Dr. Carpenter's notes of October 6, 2004, clearly supports the ALJ's decision that Mr. Nelson

retains the ability to perform certain types of light work.  While Plaintiff argues the ALJ should have

interpreted the medical evidence, including the opinion of Dr. Carpenter differently, the undersigned finds

the ALJ properly considered the medical evidence and made an interpretation that is supported by

substantial evidence in the record.

## B.   *THE ALJ PROPERLY WEIGHED MR. NELSON'S CREDIBILITY*

Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority

on evaluating plaintiff's subjective complaints.  Bunnell requires the ALJ findings to be properly supported

by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator

REPORT AND RECOMMENDATION
Page - 5

rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen, supra, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.

Here, plaintiff argues the ALJ improperly considered Mr. Nelson's testimony regarding his symptoms and limitations. As noted above, the ALJ did not find Mr. Nelson's allegations of total disability credible. The ALJ addressed Plaintiff's testimony in the context of assessing Plaintiff's residual functional capacity. The ALJ wrote:

> The claimant's statements concerning his impairment and its impact on his ability to work are not entirely credible. I note the claimant's impairments can cause low back pain which can cause some limitations and restrictions (SSR 96-3p). A claimant's subjective complaints of pain, by itself does not establish disability. Instead, the claimant must produce medical evidence of any underlying impairment that is reasonably likely to be the cause of such alleged pain. However, none of the medical evidence supports the limitations identified by the claimant (SSR 96-4p). On several physical examinations the claimant was noted to be in no acute distress or apparent distress (Exhibits 2F/2; 4F/3-4; 10F/3-14; 12F/5). In fact in a more recent exam the claimant was able to climb on the examining table with minimal difficulty. His reflexes were excellent and equal bilaterally. His strength was good (Exhibit 12F/5). In June 2005 the claimant was seen in emergency due to back pain following doing yard work (weedeating) 9Exhibit 8F). Performing such robust activities is inconsistent with disability. Further, the claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. He prepares and cooks meals, grocery shops, does household chores such as vacuuming, cleans and drives (Exhibit 5E). Quite to the contrary to the claimant's subjective complaints and allegations, Dr. Carpenter released the claimant to light work (Exhibit 9F/8). Thus, I find the claimant's complaints are not credible to the extent alleged.

Tr. 25-26.

After reviewing the ALJ's decision and the administrative record, it is clear the ALJ has provided sufficient reasons to discredit the Plaintiff's allegations of total disability. The medical evidence discussed above is inconsistent with Plaintiff's subjective complaints and Plaintiff's activities, as reported in the medical records, do not support disability. Accordingly, the ALJ properly discredited plaintiff's testimony and allegations suggesting total disability.

**C.** *THE ALJ DID NOT ERR WHEN HE DID NOT CONSIDER ANY "SEVERE" NON-EXERTIONAL*

*IMPAIRMENTS*

Plaintiff next argues the ALJ failed to fully and fairly develop the record regarding Plaintiff's testimony that he had trouble remembering, reading and doing more than simple math.  Plaintiff argues the ALJ should have obtained a consultative psychological examination to help determine whether or not Plaintiff suffered from any non-exertional limitation.

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996).  An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a).  The  Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe."  According to the Commissioner's regulations, "an impairment is not severe if it  does not significantly limit [the claimant's] physical ability to do basic work  activities,"  20 C.F.R. §§ 404.1520(c),   404.1521(a)(1991).  Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching,  carrying or handling." 20 C.F.R. § 140.1521(b);  Social Security Ruling 85- 28 ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that  has "no more than a minimal effect on an individuals ability to work."  *See* SSR  85-28; <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

The court notes it is Plaintiff's burden to establish a severe impairment by providing medical evidence showing he has an impairment and how severe it is during the time he says he is disabled. See 20 C.F.R. § 416.912(c); *see also* <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1159-60 (9th Cir. 2001).   Here, Plaintiff has not any medical evidence of a mental impairment and none was alleged until Plaintiff filed his brief with the court.  The Commissioner will consider only impairments the claimant says he has or about which the Commissioner receives evidence.  *See* 20 C.F.R. § 416.912(a). The ALJ properly found Plaintiff had only severe physical impairments.  An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence, or when record is inadequate to allow for proper evaluation of evidence. <u>Mayes v. Massanari</u>, 276 F.3d 453, 459-60 (9th Cir. 2001) (*citing* <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001)). Here, the record was adequately developed to address the allegations submitted by

1   the Plaintiff to the administration.  The ALJ did not err when he did not obtain a consultative psychological

2   evaluation.

3   **D.   *SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S FINDING THAT MR. NELSON IS ABLE TO PERFORM CERTAIN TYPES OF LIGHT WORK***

4

5        Plaintiff argues the ALJ erred when he considered Plaintiff's residual functional capacity and

    concluded that Plaintiff was capable of performing certain types of light work.

6

7        At step-five of the administrative process the burden of proof shifts to the Commissioner to produce

8   evidence of other jobs existing in significant numbers in the national economy that Plaintiff could perform in

9   light of his age, education, work experience, and residual functional capacity.  *See* Tackett v. Apfel,180

    F.3d 1094,1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995).  In Tackett, the court

10  noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in

11  'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a

12  vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P,

13  app. 2." Id.

14

15       Plaintiff's allegations that the ALJ erred when determined Plaintiff's RFC and concluded that he

    was able to work as a cleaner, photocopying machine operator, or clerical routine clerk are without merit.

16

17  Plaintiff's arguments are premised on the argument that (i) the ALJ failed to properly consider the medical

    evidence, (ii) the ALJ failed to properly credit Plaintiff's allegations regarding the severity of his

18

19  impairments, and (iii) the ALJ failed to properly develop the record regarding the possibility of non-

    exertional limitations.  As explained above, the ALJ did not err in his analysis of the medical evidence,

20

21  Plaintiff's credibility, or Plaintiff's severe impairments.  The ALJ is not obligated to accept all of a

    claimant's proposed limitations, as long as the ALJ's findings are supported by substantial evidence.  See

22

23  Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).  Accordingly, the ALJ properly questioned

    the Vocational Expert and relied on the testimony which supports the finding that Plaintiff retains the ability

24

25  to do certain types of light work.

                                            CONCLUSION

26

27       Based on the foregoing discussion, the Court should affirm the Administration's final decision

    denying plaintiff's application for social security disability benefits.  Pursuant to 28 U.S.C. § 636(b)(1) and

28

    Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this

1  Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver
2  of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the
3  time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 16,**
4  **2007**, as noted in the caption.

5       DATED this 20th day of February, 2007.

6
7                                          <u>/s/ J. Kelley Arnold</u>
                                           J. Kelley Arnold
8                                          U.S. Magistrate Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28